UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---

IN RE:                                     )
CARL E. WHITE and                          )
KATHRYN A. WHITE,                          )    Case No. 05-24647 (ASD)
                                           )
        DEBTORS.                           )    CHAPTER 7
------------------------------------------ )
CHRISTOPHER C. NOBLE,                      )
                                           )
        PLAINTIFF.                         )
                                           )
v.                                         )    Adv. Pro. No. 07-02074
                                           )
CARL E. WHITE and                          )
KATHRYN A. WHITE,                          )
                                           )
        DEFENDANTS.                        )

---

APPEARANCES:

Christopher C. Noble                                Pro se
1493 Stanley Street
New Britain, Connecticut 06053-3251

Robert M. Singer, Esq.                              Attorney for Defendant
Law offices of Robert M. Singer, LLC
2572 Whitney Avenue
Hamden, Connecticut 0606518

---

**BRIEF MEMORANDUM OF DECISION ON COMPLAINT
TO REVOKE DISCHARGE**

Albert S. Dabrowski, Chief United States Bankruptcy Judge

On October 14, 2005, the Debtors, Carl E. White and Kathryn A White, commenced the instant bankruptcy case by filing a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code. The Debtors were granted a discharge on February 22, 2007. On October 25, 2007, the Plaintiff commenced the instant Adversary Proceeding (No. 07-02074) by filing a Complaint against the Debtors seeking pursuant to 11 U.S.C. § 727(d)(1) a revocation of their discharge (hereafter, the "Complaint"). A hearing on the Complaint was held on January 6, 2009, followed by a supplemental hearing on July 21, 2009.

This is not the first occasion the Plaintiff, Christopher C. Noble, has sought to relieve himself from application of the Debtors' discharge upon a claim of fraud. On January 26, 2006, he commenced Adversary Proceeding No. 06-02011 by filing a complaint against the Debtors seeking a determination of nondischargeabiliy of certain debts pursuant to 11 U.S.C. § 523(a)(2)(A).[1] Following a trial, Judge Robert L. Krechevsky,[2] on April 2, 2007, issued a <u>Memorandum of Decision</u>, Doc. I.D. No. 41 (Adversary Proceeding No. 06-02011), in which he observed:

> [w]hile his conjecture as to the intentions of the debtors may be understandable, the plaintiff's testimony remains bald speculation and the

---

[1] Section 523(a)(2) provides in pertinent part that –
    (a)    A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt--
        (2)    for money, property, services or an extension . . . of credit, to the extent obtained by--
            (A)    false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

11 U.S.C. § 523(a)(2) (2005).

[2] On September 2, 2008, the case, originally assigned to the Honorable Robert L. Krechevsky, United States Bankruptcy Judge, was transferred to the undersigned judge upon Judge Krechevsky's resignation.

2

record in this proceeding provides no basis for a conclusion of nondischargeability under §523(a)(2)(A).

(Memorandum of Decision, p. 4).

Through the Complaint the Plaintiff seeks a revocation of the Debtors' discharge pursuant to Section 727(d)(1) asserting, *inter alia*, the discharge was obtained by fraud based upon three statutory predicates for denial of discharge: Bankruptcy Code Sections 727(a)(2)(A) & (B) (pre- and post-petition concealment of property of the bankruptcy estate), and 727(a)(4)(A) (false oaths and accounts),[3] *see* Complaint ¶ 18, of which he was allegedly unaware of prior to the entry of the discharge.

Section 727(d)(1) provides:

> (d)   On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

---

[3]The relevant provisions of Section 727(a) provide:

(a) The court shall grant the debtor a discharge, unless—

> (2)   the debtor, *with intent to* hinder, delay, or *defraud* a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –
>
>> (A) property of the debtor, within one year before the filing of the petition; or
>>
>> (B) property of the estate, after the date of the filing of the petition;
>
> * * * *
>
> (4)  the debtor knowingly and *fraudulently*, in or in connection with the case—
>
>> (A) made a false oath or account;
>
> * * * *

11 U.S.C. ¶ 727 (2005) (emphasis added).

> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

The Court is initially compelled to observe that the Complaint itself, and especially the Plaintiff's presentation of evidence at trial, were hardly models of substance and clarity. From the Court's perspective, the Plaintiff's pleadings and conduct were, as determined by Judge Krechevsky in the past, founded on bald speculation.

Distilled to its essence, the Complaint as prosecuted has three components – the Debtor's alleged failure to report (i) certain exercise room and related equipment, and (ii) a BMW, and (iii) the Debtor's alleged false testimony at a Section 341 meeting.[4] The Plaintiff accepted that he has the burden of proof in this matter, and, of course, argued he had met his burden. Simply put, in resolving this matter, the Court finds he did not.

The Plaintiff's proof or prosecution of one of the allegations in the Complaint – alleging "the Defendants gave false oaths when they submitted to examination by the Chapter 7 Trustee during their Section 341 meeting," Complaint ¶ 17, is representative of the overall quality of evidence offered at trial. First, the Complaint itself does not allege the particulars of the alleged "false oaths." And second, notwithstanding the serious nature of this claim, that the Debtors committed perjury, the Plaintiff failed to introduce any transcript or other evidence detailing the alleged false testimony. Rather, the Plaintiff simply relied on his own testimony of "standard procedures" ordinarily attending Section 341 meetings,

---

[4]See Tr. 12:17:50 thru 12:19:06 (At the conclusion of the January 7, 2009, trial , the Court summarized the Complaint as above to the satisfaction of the Plaintiff.) The Court also notes the Plaintiff's allegations concerning certain "bank accounts". ("Tr" refers to the audio recording of the trial).

4

drawing therefrom his own inference that they must have made false oaths. This is just more "bald speculation," and is clearly insufficient to support a revocation of discharge.

Regarding the "BMW," there were at least two BMWs creating confusion on the record not clarified by the Plaintiff. And, when the Court asked the Plaintiff to describe the record evidence supporting a requisite finding regarding the Debtors' omission of assets, *e.g.*, that one of the BMWs was knowingly and fraudulently concealed, the Plaintiff directed the Court's attention to the Debtors' aforementioned Section 341 testimony, the "opportunity" for Schedule amendments, and the fact the BMW was at one time registered in Pennsylvania "which would make it difficult if not impossible to find out where the vehicle was." Tr. 1:13:30. Similarly, the meager testimony regarding the exercise equipment and bank accounts was insufficient to support a revocation of discharge.

Upon a detailed review of the evidence presented in this proceeding, and for the reasons stated above, the Court concludes the Plaintiff has failed to establish by a preponderance of the evidence that the Debtor, in, or in connection with his bankruptcy case, made a false oath or account with fraudulent intent as to a material matter, or a fraudulent omission of a material matter, sufficient to warrant revocation pursuant to Bankruptcy Code Sections 727(d)(1). This Brief Memorandum of Decision shall constitute this Court's Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 7052. A separate Judgment in favor of the Debtor-Defendants shall enter simultaneously herewith.

Dated: October 15, 2009                                    BY THE COURT

                                                          Albert S. Dabrowski
                                                   Chief United States Bankruptcy Judge

5